ALANA W. ROBINSON
Acting United States Attorney
DOUGLAS KEEHN
Assistant U.S. Attorney
Cal. State Bar No. 233686
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 546-7573
douglas.keehn@usdoj.gov

Attorneys for United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Petitioner,<br><br>vs.<br><br>ASG SOLUTIONS CORPORATION, d.b.a. AMERICAN SYSTEMS GROUP,<br><br>                Respondent. | Case No.: '17CV1224 L    BGS<br><br>**PETITION TO ENFORCE FALSE CLAIMS ACT CIVIL INVESTIGATIVE DEMAND** |

The United States of America hereby petitions this Court, pursuant to 31 U.S.C. § 3733(j)(1), to issue an order enforcing the United States' Attorney's Civil Investigative Demand No. 0457-0716-03 (the CID) compelling the recipient of that demand, ASG Solutions Corporation, d.b.a. American Systems Group (Respondent), to produce documents. The United States issued the CID in conjunction with an investigation involving potential fraud. The United States must now seek judicial enforcement of the CID because Respondent, despite receiving numerous extensions of time and despite repeated assurances that it intended to comply with the demand, has only made a partial response to the document demand.

//

//

I.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this petition under 31 U.S.C. § 3733(j). Venue is proper in this district under 31 U.S.C. § 3733(j) because Respondent is found and transacts business in this district.

II.

PARTIES

2. The United States Attorney's Office (USAO) is conducting a false claims law investigation, within the meaning of 31 U.S.C. § 3733, to determine whether there is or has been a violation of the False Claims Act (FCA). Specifically, the United States is investigating whether Respondent and its principals submitted, or caused to be submitted, to the United States government, false claims under contracts intended to benefit historically underutilized business zones, which require contractors to maintain a certain ratio of employees from those economically depressed areas, pursuant to 15 U.S.C. § 657a, *et seq*.

3. Respondent is a business providing workforce services to United States government agencies through contracting opportunities obtained pursuant to 15 U.S.C. § 657a, *et seq.*, including the Department of State, Department of Defense, Department of the Navy, and the Department of the Air Force.

III.

BACKGROUND

4. The FCA authorizes the Attorney General of the United States, or a designee, to issue and serve CIDs to persons who may be in possession, custody, or control of documents or information "relevant to a false claims law investigation." 31 U.S.C. § 3733(a)(1). "False Claims Act CIDs allow the Department of Justice to compel the production of documents . . . during a pre-complaint investigation of potential fraud against the government." United States v. Witmer, 835 F. Supp. 208, 211 (M.D. Pa. 1993) (internal definition omitted), *aff'd*, 30 F.3d 1489 (3d Cir. 1994).

"The purpose of the CID is to 'enable the Government to determine whether enough evidence exist[s] to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily.'" Id. (quoting H.R. Rep. 660, 99th Cong., 2d Sess. 26 (1986)).

5. The FCA provides, in part, that a CID may require the recipient to produce documentary material. 31 U.S.C. § 3733(a)(1)(A)-(B). The statute further provides that if the recipient fails to comply with a CID issued under section 3733(a), "the Attorney General may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person a petition for an order of such court for the enforcement of the [CID]." 31 U.S.C. § 3733(j)(1).

6. The USAO issued the CID on August 7, 2016. The original signed CID was served on Respondent by mail on August 9, 2017. A true and correct copy of the CID (redacted as to the names of third parties in CID Appendix B) is attached herein as Exhibit 1. The CID required that Respondent produce documents relevant to the investigation no later than thirty days from receipt of the CID.

7. Respondent has been represented by Daniel P. Wierzba (Counsel) with regard to the CID.

8. At Counsel's request, the USAO agreed to accept the required materials in a rolling production over a few months.

9. On October 11, 2016, Respondent provided partial production of materials, many of which did not comply with Federal Rule of Civil Procedure 34 and Part IV of the CID, Instruction 4, and CID Appendix A, all regarding production of electronically stored information (ESI).

10. On that date, the USAO notified Counsel by email that Respondent's initial production was not responsive for failure to comply in major part with ESI production specifications, and requested production in compliance with the CID.

11. On December 21, 2016, Respondent re-produced pages ASG100001 through ASG120679 in response to the CID.

12. Upon review of the materials, the USAO notified Counsel by email on February 10, 2017, that it appeared that Respondent still had not responded to several of the items required in the CID. Reserving other compliance concerns about the production, the USAO noted in particular that no production was made in any form as to CID items 4, 14 through 17, 19, 20 and 22.

13. On February 10, 2017, Counsel contacted the USAO by telephone and stated that he was following up with Respondent regarding production of available missing items, and stated that some omitted documents might not exist.

14. On February 16, 2017, having received no further response from Counsel, the USAO restated its request by email. In response to Counsel's statement that required documents might not exist, the USAO informed counsel that other documents reference or presume the omitted information, and that omitted records were sufficiently essential to Respondent's business such that they would have existed during the timeframes in question. The USAO offered examples of those instances: while Respondent produced selected employee documents in response to items 1 through 3, the production omitted documents regarding employees referenced in other materials such as payroll records. Likewise, Respondent only produced payroll records from December 19, 2014, to September 23, 2016, while Respondent was in business and had obtained Department of Defense contracts before December 2014 (*e.g.*, June 2010, September 2013, and September 2014).

15. On that date, Counsel's firm notified the USAO by email that Counsel was not available but would respond to the USAO as soon as possible.

16. On March 6, 2017, having received no further response from Counsel, the USAO contacted Counsel again by email to obtain a reliable date of production.

17. On March 8, 2017, Counsel again acknowledged by telephone that further responsive production was being prepared, but was delayed because Respondent's

documents custodian was out of the country. Counsel agreed to produce "any and all" remaining available documents, and to provide explanation as to why any responsive documents could not be produced.

18. On April 17, 2017, having received no further response from Counsel, the USAO contacted Counsel again by email directing Respondent to produce all presently available documents immediately, even if further production was being prepared.

19. On May 4, 2017, Counsel informed the USAO by telephone that production was delayed because Counsel was terminating his employment with his firm, Seyfarth Shaw LLP, as of May 12, 2017, and would notify the USAO when Respondent had determined who would provide further representation.

20. On or about May 12, 2017, having received no further response from Counsel, the USAO contacted Counsel by telephone. Counsel stated that he would continue to represent Respondent and would contact the USAO by the end of that month with a reliable production timeframe. The USAO repeated the instruction to produce all available responsive documents in the meantime, and expressed concern that an enforcement action would be required to complete production on the CID. Counsel assured the USAO that an enforcement action would not be necessary.

21. On June 6, 2017, having received no further response from Counsel, the USAO repeated notice to Counsel by U.S. mail at Crowell & Moring LLP, Counsel's new firm on record with the California State Bar, that the United States' next recourse is to seek enforcement of the CID through this Court. See Exhibit 2.

22. The United States has received no further response from Counsel or any other representative on Respondent's behalf, and has received no further production as to the CID since December 2016.

//
//
//

## IV.

## GROUNDS FOR ENFORCEMENT

A. <u>The Legal Standard</u>

23. In the False Claims Act amendments of 1986, Congress gave the Department of Justice "a particular type of investigative tool, the false claims civil investigative demand, to enable it to investigate whether there is a basis for remedying a false claim made against the United States." <u>United States v. Markwood</u>, 48 F.3d 969, 976 (6th Cir. 1995).

24. In <u>Markwood</u>, the court likened a CID to an "administrative subpoena," and found that it may be enforced like other administrative subpoenas. <u>Id.</u> The court reasoned that it would grant a petition for enforcement if the agency met the statutory requirements pertaining to the issuance of the CID and if the agency had satisfied or complied with the judicially-created standards for its enforcement. <u>Markwood</u>, at 976-977.

25. The scope of judicial inquiry in an agency subpoena enforcement proceeding is narrow. <u>EEOC v. Fed. Express Corp.</u>, 558 F.3d 842, 848 (9th Cir. 2009). The three-part inquiry is (1) whether Congress has granted the agency authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence sought is relevant and material to the investigation. <u>Id.</u>

26. As to the last prong, the Ninth Circuit has held that courts "must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." <u>Fed. Express</u>, at 854. Relevance is determined in terms of the investigation rather than as prospective trial evidence; courts have therefore emphasized that the relevance prong of the inquiry is "generously construed" and "not especially constraining" upon the investigating agency. <u>EEOC v. Shell Oil Co.</u>, 466 U.S. 54, 68 (1984); <u>Fed. Express</u>, at 854.

//
//

     **B.**    <u>The CID Should Be Enforced</u>

          **i.**    <u>The Department of Justice Has Authority to Investigate</u>

27. Congress authorizes the Attorney General and its designees' use of CIDs to require a recipient to produce documentary material as part of an FCA investigation. 31 U.S.C. § 3733(a)(1)(A)-(B).

28. The United States is conducting an investigation involving potential procurement fraud; specifically, whether Respondent and its principals submitted, or caused to be submitted, to the United States government, false claims under contracts intended to benefit historically underutilized business zones, which require contractors to maintain a certain ratio of employees from those economically depressed areas, pursuant to 15 U.S.C. § 657a, *et seq*. This is a proper exercise of authority because a government agency may "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." <u>United States v. Morton Salt Co.</u>, 338 U.S. 632, 642-43 (1950); <u>FDIC v. Garner</u>, 126 F.3d 1138, 1142 (9th Cir. 1997); <u>Santa Fe Energy Products Co. v. McCutcheon</u>, 90 F.3d 409, 414 (10th Cir. 1996). Thus, it is well within the USAO's authority under 31 U.S.C. § 3733(a)(1) to issue the CID. "[L]aw-enforcing agencies have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest." <u>Morton Salt</u>, 338 U.S. at 652.

          **ii.**    <u>Procedural Requirements Have Been Followed</u>

29. The CID was served on Respondent by mail on or about August 9, 2016. <u>See</u> Exhibit 1. Respondent raised no objection to the CID.

30. Respondent's CID production remains incomplete. Respondent has omitted documents regarding, but not necessarily limited to, CID items 1, 2, 3, 5, 9, 10, 13, and 18, and any documents as to CID items 4, 14 through 17, 19, 20, and 22. In efforts to meet and confer, the USAO informed Respondent that other documents reference information that Respondent omitted, and other omitted information was so

essential to Respondent's business that it would have been generated during the timeframes in question.

31. After the USAO attempted to further meet and confer with Respondent short of enforcement, Respondent agreed to complete production. Respondent has informed the USAO multiple times since February 10, 2017, that such production was being prepared. None has been forthcoming.

### iii. The Evidence is Relevant and Material to the Investigation

32. Lastly, and also without objection, the CID requires documentation regarding whether Respondent and its principals submitted, or caused to be submitted, to the United States government, false claims under contracts intended to benefit historically underutilized business zones, which require contractors to maintain a certain ratio of employees from those economically depressed areas, pursuant to 15 U.S.C. § 657a, *et seq.* See Exhibit 1.

## V.
## CONCLUSION

33. Respondent has failed to comply with the CID despite extended times for production and multiple promises to comply, and has left the United States with no recourse except to file this petition for an order enforcing the CID.

//
//
//

## VI.

## PRAYER FOR RELIEF

WHEREFORE, the United States, pursuant to authority granted under 31 U.S.C. § 3733(j)(1)-(5), respectfully requests this Court to order:

(a) That within fourteen (14) business days of the date of such order, Respondent shall fully comply with the United States' Attorney's Civil Investigative Demand No. 0457-0716-03, including but not limited to production of any and all documents described in items 1 through 5, 9, 10, 13 through 20, and 22 of that Demand;

(b) That Respondent shall, upon completion of its production, confirm in writing and under penalty of perjury that all documents responsive to Civil Investigative Demand No. 0457-0716-03 have been produced; and,

(c) Such other and further relief as the Court may deem just and proper.

DATED: June 16, 2017

Respectfully submitted,

ALANA W. ROBINSON
Acting United States Attorney

*s/ Douglas Keehn*
DOUGLAS KEEHN
Assistant U.S. Attorney
Attorneys for Defendant