UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Petitioner,<br><br>v.<br><br>ASG SOLUTIONS CORPORATION,<br><br>         Respondent. | Case No.: 3:17-cv-01224-L-BGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Pending before the Court is Respondent ASG Solutions Corporation ("Respondent") Objections [Doc. 19] to Magistrate Judge Bernard G. Skomal's Report and Recommendation ("R&R" [Doc. 18]) recommending that this Court grant Petitioner United States of America's ("Petitioner") Petition [Doc. 1] to enforce a False Claims Act civil investigative demand. The Court has reviewed *de novo* the Petition, Respondent's Response [Doc. 10], Petitioner's Reply [12], Judge Skomal's R&R, Respondent's Objections, and Petitioner's Reply [Doc. 20] to Respondent's Objections. For the following reasons, the Court **OVERRULES** Respondent's Objections and **ADOPTS** Judge Skomal's R&R.

//

//

//

The facts and procedural history of this case were accurately presented in Judge Skomal's R&R, which the Court need not repeat in full here. By way of background, Petitioner is investigating whether Respondent has violated the False Claims Act by falsely representing that it qualified for participation in the HUBZone program, which reserves some government contracting opportunities for small businesses that meet certain criteria. One criteria of the HUBZone program is that a small business hire a certain percentage of its workforce from HUBZones, which are historically underutilized business zones.

In the course of this investigation, Respondent used its subpoena powers under 31 U.S.C. §§ 3729–3733 to issue a Civil Investigative Demand ("CID" [Doc 1-2 Ex. 1].) In its CID, Respondent demanded twenty two categories of documents, most of which concern the composition of Respondent's workforce. (Id.) Respondent has provided Petitioner with a number of documents responsive to the CID, but full compliance has not yet been achieved. Respondent has often gone non-responsive to Petitioner's repeated requests for certain categories of documents and has refused to issue a Certificate of Compliance as required by both the CID and 31 U.S.C. § 3733(f). Petitioner therefore petitioned this Court for an order compelling Respondent's compliance with the CID. In his R&R, Judge Skomal recommended that the Court grant Petitioner's Petition. Respondent timely raised two objections to Judge Skomal's R&R.

ASG's first objection is that timesheets for employees who did not charge to any HUBZone related contract are not relevant. This objection is unpersuasive because one way a company can achieve HUBZone program eligibility is by drawing at least 35% of its employees from residents of HUBZones. 13 C.F.R. § 126.200 (b)(iv)(3). To determine whether the 35% criterion is met, Petitioner would seem to need evidence of both (1) the number of HUBZone residents employed by a company (the "numerator") and (2) the total number of persons the company employees (the "denominator"). Timesheets from employees working on non-HUBZone contracts are thus relevant because all such employees factor into the denominator. To the extent employees

working on non-HUBZone contracts reside in HUBZones, they would also be relevant to the numerator. The Court therefore **OVERRULES** this objection.

Respondent's second objection is that production of timecards for employees working on Non-HUBZone contracts would constitute an undue burden. Part of the undue burden argument centers on Respondent's assertion that some of the requested documents might no longer exist. This argument is unpersuasive in light of Respondent's failure to produce a certificate of compliance. If in fact some of the requested documents do not exist, Respondent shall comply with the CID and 31 U.S.C. § 3733(f) by providing a sworn certificate indicating all requested documents have either been provided or do not exist.

Nor is the Court persuaded by Respondent's argument that production of the requested documents would constitute an undue burden because compliance *could* require many hours of staff time and effort to search for and collect 10,000 or more pages of documents. (Wiezerba Decl. [Doc. 19–1] ¶ 7.) The only evidence presented in support of this argument is hearsay declaration testimony in which Respondent's counsel says Respondent relayed this information to him. This evidence, which is unaccompanied by any legal citation or argument, is not sufficient to demonstrate that CID compliance would unduly burden Respondent. The Court therefore **OVERRULES** this objection.

Finally, Respondent requests that, as an alternative to ordering compliance with the CID, the Court stay this proceeding for ninety days to allow the parties to resolve the matter between themselves. The Court denies this request. Petitioner served the CID on August 9, 2017. Since that time, the parties have met and conferred multiple times with the aim of resolving this matter without judicial intervention. These meet and confer efforts appear to have stalled because, according to Petitioner, Respondent is not making a good faith effort to comply with the CID and has continually gone unresponsive to Petitioner's communications. The Court therefore finds a stay unwarranted.

//

## CONCLUSION & ORDER

For the foregoing reasons, the Court **OVERRULES** Respondent's Objections, **ADOPTS** Judge Skomal's Report and Recommendation, and orders as follows:

- Petitioner's Petition to enforce the United States Attorney's Office Civil Investigative Demand No. 0457-0716-03 is **GRANTED**. Within thirty days of the entry of this order Respondent shall fully comply with the CID and provide Petitioner with a sworn certificate of compliance.

**IT IS SO ORDERED.**

Dated: July 18, 2018

_____
Hon. M. James Lorenz
United States District Judge